USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GINETTE JIMENEZ-REYES,

Plaintiff,

-v-

MILESTONE EQUIPMENT HOLDINGS, LLC, *et al.*,

Defendants.

**REPORT AND RECOMMENDATION**

25-CV-4367 (JAV) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Jeannette A. Vargas, United States District Judge:**

Plaintiff Ginette Jimenez-Reyes ("Plaintiff") filed this action on May 23, 2025. Since then, Plaintiff has failed to serve any defendants. Accordingly, the undersigned respectfully **RECOMMENDS** that this case be **DISMISSED** without prejudice for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") and for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on May 23, 2025 by filing a complaint against Great Dane Trailers, Great Dane LLC, and John Doe. ECF No. 1. Due to deficiencies in the original filing, the complaint was re-filed on June 6, 2025. ECF No. 9. Because Plaintiff failed to effectuate service within the 90 days prescribed by Rule 4(m), the undersigned entered an order on August 27, 2025 directing Plaintiff to show cause as to why Plaintiff had failed to effectuate service. ECF No. 12. The

undersigned warned that "[i]f Plaintiff fails to timely show good cause for why such service was not completed, the undersigned may recommend to the Honorable Judge Vargas that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41." *Id.*

On August 28, 2025, Plaintiff filed an affidavit of service stating that Defendant Great Dane LLC was served on June 18, 2025. ECF No. 13. Because Defendant Great Dane LLC did not appear, and Plaintiff still had not served Defendant Great Dane Trailers, on September 12, 2025 the undersigned entered a further order to show cause as to why Plaintiff had failed to effectuate service. ECF No. 14. The undersigned again warned that failure to comply with the Court's order could result in a recommendation that this case be dismissed for failure to prosecute. *Id.*

On September 26, 2025, Plaintiff filed a letter stating that Defendant Great Dane LLC was "the right entity" for service. ECF No. 15. The undersigned therefore directed Plaintiff to file an amended complaint naming the correct defendant. ECF No. 16. Plaintiff filed an amended complaint on October 13, 2025, but the filing was deficient and not corrected by the deadline previously set by the Court. *See* ECF Nos. 17–19. The undersigned therefore entered another order to show cause on November 20, 2025 directing Plaintiff to show cause as to why this action should not be dismissed. ECF No. 20.

Plaintiff filed a letter on December 1, 2025, ECF No. 21, describing efforts made to identify the proper defendant(s) to this action. The undersigned entered an

order on December 2, 2025 directing Plaintiff to file an amended complaint with the proper defendant(s) by January 16, 2026. ECF No. 22. Again, the undersigned warned that failure to file an accurate amended complaint could result in a recommendation of dismissal. *Id.*

Plaintiff filed a further amended complaint on January 16, 2026, naming as defendants Milestone Equipment Holdings, LLC, United Parcel Service, Inc., and John Doe. ECF No. 25. Because Plaintiff did not effectuate service, the undersigned entered an order on April 17, 2026 *sua sponte* extending the deadline for service to May 18, 2026. ECF No. 27. As Plaintiff again failed to effectuate service, the undersigned entered another order to show cause on May 19, 2026 directing Plaintiff to submit a letter as to why she had not served the amended complaint. ECF No. 28. The undersigned warned that failure to show good cause as to why service was not made could result in a recommendation of dismissal. *Id.*

Plaintiff filed a letter on May 29, 2026 responding to the order to show cause and requesting an extension of time to serve defendants. ECF No. 29. One June 3, 2026, the undersigned granted an extension to serve the amended complaint until August 3, 2026, but warned that if the deadline was not met, the undersigned might recommend dismissal of this action. ECF No. 30. Plaintiff attempted to request issuance of summonses on June 5, 2026, July 31, 2026, August 4, 2026, and August 17, 2026, but all requests were deficient. *See* ECF Nos. 31–34. As of the date of this order, Plaintiff has not served the amended complaint on any defendants.

## II. DISCUSSION

"Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution." *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). A court may order dismissal *sua sponte*. *Sawyerr v. Chadiajian*, 216 F.3d 1073 (2d Cir. 2000) (summary order). Dismissal, however, is considered a "harsh remedy" and district courts should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Weiner*, 87 F.4th at 164 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). Pursuant to Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *Anglin Auto. LLC v. EBF Holdings, LLC*, No. 23-CV-1404, 2023 WL 4548273, at *2 (S.D.N.Y. July 14, 2023) (quoting *Alvarado v. Am. Freightways, Inc.*, No. 4-CV-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005)). "A delay in service resulting from mere inadvertence, neglect, or mistake

does not constitute good cause." *Id.* (quoting *Alvarado*, 2005 WL 1467893, at *5).

### A. Plaintiff's Continued Delays Warrant Dismissal Under Rule 41(b)

Plaintiff commenced this action over one year ago. However, Plaintiff has yet to serve any defendants. Thus, Plaintiff has caused significant delays in this action. Moreover, Plaintiff has been warned at least five times that failure to file and serve an accurate complaint could result in the undersigned recommending that this action be dismissed. *See* ECF Nos. 12, 14, 22, 28, 30. This pattern of delay would result in prejudice to any defendant's ability to participate in this action. While the Court is cognizant of the importance of Plaintiff having an opportunity to litigate her case, Plaintiff's continued delay has caused significant burdens on the Court due to the need to closely monitor Plaintiff's actions in this matter and to issue an order each time Plaintiff has missed a deadline. In light of Plaintiff's failure to heed the numerous warnings that failure to effectuate service could result in a recommendation that this action be dismissed, it appears that any lesser sanctions would not be effective. All of these factors weigh in favor of dismissing this action pursuant to Rule 41(b).

### B. Plaintiff Has Not Shown Good Cause for Failure to Effectuate Service Pursuant to Rule 4(m)

Despite the Court's numerous orders directing Plaintiff to show cause as to why defendants have not been served, Plaintiff's responses merely evidence a lack of attention to this matter. By way of example, Plaintiff stated on December 1, 2025 that service had not been completed because she was still "diligently trying to

establish" the correct defendant to this action. ECF No. 21 at 2. On June 2, 2026, Plaintiff stated that service had not been completed because of a "miscommunication between my office and the process server we retained." ECF No. 29 at 1. The Court extended the deadline to complete service to August 3, 2026, ECF No. 30, but that deadline has passed without Plaintiff filing a request to extend it further. The proffered excuses for this delay do not show any obstacle preventing Plaintiff from completing service, nor do they excuse Plaintiff's repeated failure to comply with the Court's deadlines. Mere neglect does not constitute good cause for Plaintiff's delay, such that this case should be dismissed.

## III. CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED** without prejudice.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jeannette A. Vargas, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Vargas.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE**

**APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: August 26, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge